**ESTATE of Grafton G. BURGESS, Deceased, and Kenneth D. Thomas, Executor, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 79–1368.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1980.

Decided May 14, 1980.

Kenneth D. Thomas, Hickory, N. C., for appellants.

Anthony Ilardi, Jr., Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Richard W. Perkins, Tax Division, Dept. of Justice, Washington, D. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and PHILLIPS, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge.

This is an appeal by Kenneth D. Thomas, executor of the estate of Grafton G. Burgess of North Carolina, from a decision of March 12, 1979, by the United States Tax Court, upholding a deficiency of $43,775.85 determined by the Commissioner of Internal Revenue in assessment of the Federal estate tax upon the Burgess estate. The determination was the result of the disallowance of a charitable deduction claimed by the executor under section 2055 of the Internal Revenue Code of 1954, as amended in 1969 and as in effect at the time of decedent's death.[1]

---

1. SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.

(a) In General.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is

The bulk of the estate consisted of 11 tracts of real property which had been conveyed to Grafton by his mother. Although she conveyed a full interest in fee simple in eight of the tracts, she retained a life estate in the other three—18 acres surrounding her home and two one-acre tracts of business property. On June 23, 1973, Grafton died, and by his will made a few specific bequests and devises. Among them he devised two small parcels to his brother, Ralph, for life. The rest of his property passed into a residuary trust created for the benefit of his mother for her lifetime. The trustees were instructed to be generous and were given the power to invade the corpus for her support. At the mother's death, the trust would terminate and the remainder interest in the entire property, after paying five specific bequests, would pass in fee simple to two Lutheran churches in North Carolina.

Soon after Grafton's death, Ralph initiated suit against the executor of Grafton's estate in the Superior Court of Alexander County, North Carolina, the court probating the will, to set aside his mother's conveyances to Grafton. He charged that Grafton had obtained the real estate from their mother through the imposition of undue influence. Before this litigation came on for trial, all parties in interest, including the mother, by her guardian ad litem, and the churches, reached an agreement in compromise of the claims in suit. The agreement was effectuated by the court's final decree on July 31, 1974.

Specifically, the decree provided: that the mother's life interest in the trust be dissolved; that she continue to hold a life interest in her business properties and residence, but with a diminished amount of acreage surrounding her house; that a tract of 42.5 acres be allotted to Ralph in fee, with the understanding that he would support his mother for the rest of her life; and that the estate continue to be liable on a $30,000 note secured by real estate involved in the litigation. The effect was that the fee title to all of the remaining property was at once invested in the two churches. However, the will was never revoked or set aside in any respect whatsoever.

---

made before the date prescribed for the filing of the estate tax return)—

\* \* \* \* \* \*

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office;

\* \* \* \* \* \*

For purposes of this subsection, the complete termination before the date prescribed for the filing of the estate tax return of a power to consume, invade, or appropriate property for the benefit of an individual before such power has been exercised by reason of the death of such individual or for any other reason shall be considered and deemed to be an irrevocable disclaimer with the same full force and effect as though he had filed such irrevocable disclaimer.

\* \* \* \* \* \*

(e) Disallowance of Deductions in Certain Cases.—

\* \* \* \* \* \*

(2) Where an interest in property (other than a remainder interest in a personal residence or farm or an undivided portion of the decedent's entire interest in property) passes or has passed from the decedent to a person, or for a use, described in subsection (a), and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to a person, or for a use, not described in subsection (a), no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) unless—

(A) in the case of a remainder interest, such interest is in a trust which is a charitable remainder annuity trust or a charitable remainder unitrust (described in section 664) or a pooled income fund (described in section 642(c)(5)), or

(B) in the case of any other interest, such interest is in the form of a guaranteed annuity or is a fixed percentage distributed yearly of the fair market value of the property (to be determined yearly).

In the tax return for Grafton's estate, the executor claimed a charitable deduction under I.R.C. § 2055 in the amount of $158,-237.15, the value of the property received by the churches. On the Commissioner's adverse ruling, the executor petitioned the Tax Court for a redetermination. After reviewing the facts (as to which the parties were in complete accord), the Court sustained the determination of the Commissioner. The executor appeals.

■■■ The ground of the Tax Court's decision was that the churches' fee simple interest in the residue of the estate was obtained by purchase, not inheritance. Under the will, to repeat, the residue passed first in trust to Grafton's mother for life, and upon her death to the churches in fee. Had this testamentary scheme eventuated, the churches would have received their interest as an inheritance. The estate, however, would not have been able to take a charitable deduction under I.R.C. § 2055(a) because the will created non-deductible "split interests" by investing a life estate in decedent's mother and the remainder in the churches. I.R.C. § 2055(e)(2). Instead of adhering to the testamentary plan, however, the beneficiaries redistributed the property of the deceased when they settled the suit aimed at striking down the questioned conveyances. As a result, the churches received the immediate enjoyment of the fee simple interest in the residue of Grafton's estate but, of course, not through inheritance. In addition, as more particularly explained in a moment, the deductions which the executor claimed under the exceptions to the "split interest" rule, stated in subsection (e)(2) (for property in which Grafton had only a remainder interest), were not allowed because these exceptions do not apply to property passing through a nonqualifying trust, such as that before us.

■■■ Despite the fact that the redistribution of decedent's property was directed by a State court order, presumably under State law, we think we must apply Federal law in determining Federal tax questions.

*Lyeth v. Hoey*, 305 U.S. 188, 193–94, 59 S.Ct. 155, 158–59, 83 L.Ed. 119 (1938). In this application, we, like the Tax Court, cannot accept the argument of the executor that *Lyeth* permits the churches to take their interest by inheritance. That decision permitted the benefits of a compromise settlement agreement to be treated as property acquired by inheritance, but the circumstances there were altogether diverse from those presently. To begin with, the case involved an heir in a *will* contest, and, thus, was framed from the beginning to end in a testamentary setting. Here, unlike in *Lyeth*, the agreement and the decree settled a suit challenging the validity of *deeds* signed, sealed and delivered before death and without reference to a testamentary environment or context. The character of that law suit determines the tax treatment.

■■■ Alternatively, as previously noted, the executor claims that the exceptions in § 2055(e)(2), permitting deductions for "split interests" where the property passing is "a remainder in a personal residence or farm or an undivided portion of the decedent's entire interest in property . . . ," would, nevertheless, allow the deductions claimed for property in which Grafton owned only the remainder interest (the three tracts in which his mother retained a life estate). This property included the residence he shared with his mother, land said to be farm land adjacent thereto, and additional business property. He left his entire remainder interest in these properties in undivided portions to his mother in the residuary trust. That which the churches could have obtained under the will thus had to pass first through the trust. Since the devises were, therefore, neither outright nor via a qualifying trust, we accept the Tax Court's construction placed on the statute, as clarified by the regulations, and conclude that the deductions claimed under the exceptions created by subsection (e)(2) were properly disallowed. 26 C.F.R. § 20.-2055(e)(2)(i)–(iii).[2]

2. See appendix hereto.

While those persons mentioned in the will had the power to divide the property by agreement *inter se,* they could not maneuver their interests so as to rewrite the will and, thereby, achieve a tax savings. The State court order did not free the estate, as shaped in the will, from the Federal tax laws. Hence, the dispositions under the will stand subject to the Internal Revenue Act; the estate has not been discharged of the inheritance taxes assessed by the United States.

With the Tax Court's penetrating analysis of the facts and complete exposition of its conclusions, a further statement of them would be but an unproductive reiteration. Accordingly, the judgment on appeal is affirmed upon the opinion of the Tax Court.

Affirmed.

## APPENDIX

26 C.F.R. § 20.2055–2 Transfers not exclusively for charitable purposes.

\* .\* \* \* \* \*

(e) *Limitation applicable to decedents dying after December 31, 1969—*

(1) *Disallowance of deduction.* In general, in the case of decedents dying after December 31, 1969, where an interest in property passes or has passed from the decedent for charitable purposes and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed from the decedent for private purposes (for less than an adequate and full consideration in money or money's worth) after October 9, 1969, no deduction is allowed under section 2055 for the value of the interest which passes or has passed for charitable purposes unless the interest in property is a deductible interest described in subparagraph (2) of this paragraph. The principles of section 2056 and the regulations thereunder shall apply for purposes of determining under this subparagraph whether an interest in property passes or has passed from the decedent.

. . . .

\* \* \* \* \* \*

(2) *Deductible interests.* A deductible interest for purposes of subparagraph (1) of this paragraph is a charitable interest in property where—

(i) *Undivided portion of decedent's entire interest.* The charitable interest is an undivided portion, not in trust, of the decedent's entire interest in property. An undivided portion of a decedent's entire interest in property must consist of a fraction or percentage of each and every substantial interest or right owned by the decedent in such property and must extend over the entire term of the decedent's interest in such property and in other property into which such property is converted. For example, if the decedent transferred a life estate in an office building to his wife for her life and retained a reversionary interest in the office building, the devise by the decedent of one-half of that reversionary interest to charity while his wife is still alive will not be considered the transfer of a deductible interest; because an interest in the same property has already passed from the decedent for private purposes, the reversionary interest will not be considered the decedent's entire interest in the property. If, on the other hand, the decedent had been given a life estate in Blackacre for the life of his wife and the decedent had no other interest in Blackacre at any time during his life, the devise by the decedent of one-half of that life estate to charity would be considered the transfer of a deductible interest; because the life estate would be considered the decedent's entire interest in the property, the devise would be of an undivided portion of such entire interest. . . .

(ii) *Remainder interest in personal residence.* The charitable interest is a remainder interest, not in trust, in a personal residence. Thus, for example, if the decedent devises to charity a remainder interest in a personal residence and bequeaths to his surviving spouse a life estate in such property, the value of the remainder interest is deductible under section 2055. For purposes of this subdivision, the term "personal residence" means any property which was used by

the decedent as his personal residence even though it was not used as his principal residence. . . .

(iii) *Remainder interest in a farm.* The charitable interest is a remainder interest, not in trust, in a farm. Thus, for example, if the decedent devises to charity a remainder interest in a farm and bequeaths to his daughter a life estate in such property, the value of the remainder interest is deductible under section 2055. For purposes of this subdivision, the term "farm" means any land used by the decedent or his tenant for the production of crops, fruits, or other agricultural products or for the sustenance of livestock. The term "livestock" includes cattle, hogs, horses, mules, donkeys, sheep, goats, captive fur-bearing animals, chickens, turkeys, pigeons, and other poultry. A farm includes the improvements thereon.