Bergen McNEELEY, Petitioner–Appellant,

v.

Arvon ARAVE, Respondent–Appellee.

No. 87–4088.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1988.

Decided March 17, 1988.

John C. Lynn, Lynn, Scott & Hackney, Boise, Idaho, for petitioner-appellant, sub-

mitted on the briefs, without oral argument.

Lynn E. Thomas, Sol. Gen., Boise, Idaho, for respondent-appellee.

Before BROWNING, Chief Judge, NORRIS and O'SCANNLAIN, Circuit Judges.

## PER CURIAM:

McNeeley appeals the district court's dismissal of his habeas petition on two grounds: (1) the district court erred in finding that McNeeley failed to exhaust state remedies; and (2) the district court abused its discretion in failing to certify the exhaustion issue to the Idaho Supreme Court. We affirm.

## FACTS AND PROCEEDINGS

McNeeley pleaded guilty to a charge of robbery and was sentenced by an Idaho district court to an indeterminate life term in prison. McNeeley appealed his conviction and life sentence to the Idaho Supreme Court, which assigned the case to the Idaho Court of Appeals under Idaho Appellate Rule (I.A.R.) 108.[1] The court of appeals affirmed the conviction and sentence, and denied McNeeley's petition for rehearing. McNeeley then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. Finding that McNeeley failed to petition the Idaho Supreme Court for review of the court of appeals' decision, the district court dismissed the petition for failure to exhaust state reme-

dies. Later, McNeeley filed a motion for certification to the Idaho Supreme Court, which was denied by the district court. McNeeley filed a timely appeal.

## DISCUSSION

### 1. *Exhaustion of State Remedies*

McNeeley argues that the district court erred in dismissing his habeas petition for failure to exhaust state remedies because a petition for supreme court review under I.A.R. 118[2] is not a "right" to be exhausted. Our review is *de novo. Zimmerlee v. Keeney*, 831 F.2d 183, 185 (9th Cir.1987). We disagree.

The exhaustion requirement of 28 U.S.C. § 2254 demands that federal habeas corpus applicants exhaust all state remedies before proceeding to federal court. *Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.1982). A habeas petitioner may waive a constitutional claim by failing to present it for resolution to the highest state court. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906 (9th Cir.1986). We find that McNeeley failed to exhaust state remedies when he did not petition the Idaho Supreme Court for review of the court of appeals' decision. Under I.A.R. 118, McNeeley had a right to petition for supreme court review of the court of appeals' decision regardless of the fact that the case was originally appealed to the supreme court and then assigned to the court of appeals under I.A.R. 108. However, McNeeley failed to take advantage of this opportunity.

McNeeley argues that despite his failure to appeal under I.A.R. 118, he exhausted

1. I.A.R. 108 reads in part:
   Assignment of Cases.—(a) Cases Reserved to Supreme Court. The Court of Appeals shall hear and decide all cases assigned to it by the Supreme Court; provided that the Supreme Court will not assign the following cases: ... (b) Assignment of Cases to Court of Appeals. Generally, cases which involve consideration of existing legal principles will be assigned to the Court of Appeals. In assigning cases to the Court of Appeals, due regard will be given to the work load of each court, and to the error review and correction functions of the Court of Appeals. Ordinarily, the Supreme

Court will retain the following classes of cases: ...

2. I.A.R. 118 reads in part:
   Petition for review by the Supreme Court.— (a) Petition, Time for Filing, Ruling by Supreme Court. Any party to a proceeding aggrieved by opinion or order of the Court of Appeals may, within twenty-one (21) days after the announcement of the opinion or order, or the announcement of an opinion or order on rehearing or a modified opinion without rehearing, physically file a petition for review with the Clerk of the Supreme Court....

his state remedies. He claims that the Idaho Supreme Court had a genuine opportunity to reach the merits of his federal contentions. We reject this argument on the basis of Rule 108(b)'s criteria for assignment of cases to the court of appeals. The supreme court is limited by Rule 108(b) to consideration of each court's work load, and whether the case involved existing legal principles or was of a particular class of cases reserved for the supreme court. Thus, the assignment process is essentially a categorization mechanism designed to increase judicial efficiency, and therefore is not a review on the merits which the exhaustion doctrine requires.

McNeeley further argues he showed cause for his procedural default because of his interpretation of I.A.R. 118. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1562, 71 L.Ed.2d 783 (1981) (despite procedural default, a petitioner can obtain relief if he can show cause for his default). Because of our holding that Rule 118 is a right to be exhausted, we find no justifiable cause for McNeeley's procedural default.

### 2. *Certification*

■ McNeeley argues that the district court abused its discretion by failing to certify the exhaustion issue to the Idaho Supreme Court. We reject this argument because the controlling question here is one of federal, not state, law.

AFFIRMED.