ESTATE OF PERRIN V. BURDICK, DECEASED, THOMAS A. BURDICK, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 34058-87.     Filed February 4, 1991.

*Robert P. Hess,* for the petitioner.
*Erin M. Collins,* for the respondent.

SWIFT, *Judge:* Respondent determined a deficiency of $68,718 in the Federal estate tax liability of decedent Perrin V. Burdick. After settlement of some issues, the sole issue for decision is the deductibility of a charitable bequest made in decedent's will.

### FINDINGS OF FACT

Many of the facts have been stipulated and are so found. Decedent died testate on April 20, 1984. Decedent's brother, petitioner Thomas A. Burdick, is the executor of decedent's estate. Thomas Burdick resided in Ontario, California, at the time the petition was filed.

Decedent's holographic will, dated November 6, 1982, was accepted for probate in California without contest. After providing a number of relatively small specific bequests and after providing for the expenses of administration of the estate, decedent's will provided that essentially all of decedent's property was to be placed in a trust and distributed as follows: (1) $9,000 to certain named individuals; (2) a life income interest in the trust property to

decedent's brother, Thomas A. Burdick; (3) upon the death of Thomas A. Burdick, 50 percent of the principal of the trust to decedents's nephew, Thomas Vaughn Burdick, and the other 50 percent of the principal of the trust to the First Church of Christ, Scientist, located in Boston, Massachusetts.

Decedent's Federal estate tax return was filed on January 18, 1985. Decedent's gross estate was valued on the estate tax return at $550,867, and a charitable contribution deduction of $175,173 was claimed with respect to the 50-percent remainder interest in the trust property bequeathed to the First Church of Christ, Scientist.

By notice of deficiency dated August 6, 1987, respondent determined under section 2055(e)(2)[1] that the remainder interest in the trust property did not qualify for an estate tax charitable deduction.

In October of 1988, an attorney for decedent's estate proposed to the board of directors of the First Church of Christ, Scientist, that the church's remainder interest in decedent's trust be terminated upon payment by the trust to the church of $60,000. This offer was accepted, and pursuant thereto, on May 15, 1989, Thomas A. Burdick paid $60,000 to the First Church of Christ, Scientist. The payment was made out of Thomas A. Burdick's personal bank accounts, not out of the trust's bank accounts.

The sole reason for termination of the charitable remainder interest and the $60,000 payment to the church was to qualify the interest passing to the charity for the estate tax charitable deduction. Documentation in evidence indicates that the amount of the payment to the church was based on the calculated present value, as of the date of the payment, of the remainder interest the church was to receive under decedent's will, after taking into account the payment of the estate's Federal estate tax liability computed without the deduction disputed herein.

Petitioner now seeks an estate tax deduction under section 2055 for the $60,000 actually paid to the First Church of Christ, Scientist.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect as of the date of decedent's death.

OPINION

Section 2055(a) provides an estate tax charitable deduction where a direct bequest is made to a qualifying charitable organization. Section 2055(e)(2)(A) provides that when a bequest to charity involves a remainder interest in property, the value of the charitable remainder interest will only qualify for an estate tax charitable deduction if it is made in one of three specified forms (namely, an annuity trust, a unitrust, or a pooled income fund). See *Estate of Gillespie v. Commissioner*, 75 T.C. 374, 376-380 (1980); *Estate of Edgar v. Commissioner*, 74 T.C. 983, 987-988 (1980), affd. without published opinion 676 F.2d 685 (3d Cir. 1982).

Section 2055(e)(3), however, provides a relief provision under which otherwise nondeductible bequests of charitable remainder interests will be deductible provided the bequests are timely modified by amendment to conform with one of the three qualifying forms of charitable remainder interests specified in section 2055(e)(2)(A).

We note the public policy favoring charitable giving. *Commissioner v. Estate of Sternberger*, 348 U.S. 187, 190 n.3 (1955); *Flanagan v. United States*, 810 F.2d 930, 934 (10th Cir. 1987); *Norris v. Commissioner*, 134 F.2d 796, 801 (7th Cir. 1943). Petitioner acknowledges that, as originally provided in decedent's will, the charitable remainder interest bequeathed to the First Church of Christ, Scientist, does not qualify under section 2055(e) and that the estate did not attempt to utilize the relief provisions of section 2055(e)(3). Petitioner, however, argues that the 1989 payment of the $60,000 to the First Church of Christ, Scientist, should qualify for an estate tax charitable deduction under section 2055(a)(2) as a direct bequest to charity. We disagree.

Where the only apparent reason for termination or modification of an otherwise nonqualifying split-interest charitable bequest is circumvention of the requirements of section 2055(e)(2)(A), an estate tax deduction will not be allowed even for the amount of a direct payment to the charitable organization. See *Flanagan v. United States*,

*supra* at 935; *Estate of Strock v. United States,* 655 F. Supp. 1334, 1340 (W.D. Pa. 1987).[2]

Petitioner relies on a number of cases in which good faith will contests and settlements among beneficiaries, usually coupled with State court decrees relating to the property rights of the beneficiaries or the trustees' fiduciary responsibilities, resulted in modifications of the charitable remainder interests and direct bequests to the charitable organizations. Those situations are to be distinguished from situations where termination or modification of the charitable remainder interest is made solely for the purpose of qualifying the charitable bequests for the estate tax charitable deduction. See *Flanagan v. United States, supra; First National Bank of Fayetteville v. United States,* 727 F.2d 741 (8th Cir. 1984); *Oetting v. United States,* 712 F.2d 358 (8th Cir. 1983); *Estate of Strock v. United States, supra; Northern Trust Co. v. United States,* an unreported case, 78-1 USTC par. 13,229, 41 AFTR 2d 78-1523 (N.D. Ill. 1977). As explained—

an estate concerned *solely* with gaining a deduction for remainder interests passing to charities under a split-interest trust can only obtain such a charitable deduction through *its own action* by complying with the relief provisions of section 2055(e)(3). [*Estate of Strock v. United States,* 655 F. Supp. at 1340. Emphasis in original.]

In this case, the only reason shown for termination of the charitable remainder interest and for payment of the $60,000 to the First Church of Christ, Scientist, was to qualify the charitable bequest for the estate tax charitable deduction. The trust was funded and had operated for 4 years before the executor initiated the effort to convert the charitable remainder interest into a direct payment to the charity.

On the facts of this case, respondent's disallowance of the charitable deduction is sustained.

*Decision will be entered under Rule 155.*

---

[2]See also *Thomas v. Commissioner,* T.C. Memo. 1988-295; *Estate of Burgess v. Commissioner,* T.C. Memo. 1979-80, affd. 622 F.2d 700 (4th Cir. 1980).