**Thomas BURDICK, Executor; Estate of Perrin V. Burdick, Petitioners,**

v.

**COMMISSIONER INTERNAL REVENUE SERVICE, Respondent.**

No. 91–70429.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1992.

Decided Nov. 18, 1992.

Edward O.C. Ord, San Francisco, Cal., for petitioners.

Sara S. Holderness, Dept. of Justice, Washington, D.C., for respondent.

Before TANG, PREGERSON and ALARCON, Circuit Judges.

TANG, Circuit Judge:

The estate of Perrin V. Burdick ("Taxpayer") appeals the tax court's denial of its $60,000 charitable deduction. Taxpayer challenges the tax court's finding that it terminated the nondeductible split-interest charitable bequest ("split-interest") solely to gain a charitable deduction. Taxpayer also argues that when it terminated the

split-interest, the split-interest rules no longer applied. We affirm.

## BACKGROUND

Perrin V. Burdick ("decedent") died testate. His holographic will was duly probated in California. Thomas Andrew Burdick ("Andrew"), decedent's brother, was appointed executor. According to the will, the bulk of decedent's estate was to be placed in trust with the trust's income paid to Andrew. Upon Andrew's death, the trust is to be distributed in equal shares to decedent's nephew, Thomas Vaughn Burdick, and to the First Church of Christ, Scientist ("Charity").[1] Because Thomas Vaughn Burdick, a non-charitable beneficiary, and Charity, a charitable beneficiary, have successive interests in the trust's remainder, the trust is a split-interest under 26 U.S.C. § 2055(e)(2) of the Internal Revenue Code ("IRC").[2]

· Taxpayer took a charitable deduction for the Charity's remainder interest in the split-interest trust and filed a federal estate tax return. Pursuant to IRC § 2055(e)(2), the Internal Revenue Service ("IRS") denied the deduction as a nondeductible split-interest bequest and issued Taxpayer a deficiency notice.

One year later, Taxpayer contacted the Charity and stated:

> [W]e have been in negotiation with the Internal Revenue Service for some two years over the deductibility of the charitable remainder interest which was allocated to your church in filing the federal estate tax return....
>
> ... [W]e estimate the principal sum plus accrued interest will run approximately $82,000 if we accede to the position of the Internal Revenue Service. This will deplete approximately one half of the cash in the estate at the present time. Mr. Burdick is not sure that he wishes to pursue litigation with the Internal Revenue Service. If a settlement

could be worked out with the Church whereby they [sic] would receive approximately $60,000, which would be the present value of its remainder interest (after payment of IRS' claim), Mr. Burdick would be willing to file for termination of the Trust and distribution of the assets which would include payment to the Church of $60,000 in full and complete settlement of its remainder interest.

The Charity accepted the proposal, and Taxpayer, pursuant to the proposal, paid the Charity $60,000. Taxpayer then sought to deduct the $60,000 as a charitable deduction under IRC § 2055. The tax court found that Taxpayer terminated the nondeductible split-interest trust solely to obtain a charitable tax deduction. It denied the deduction. *Estate of Burdick v. Commissioner*, 96 T.C. 168, 171 (1991).

Taxpayer timely appeals.

## I.

The tax court found that the split-interest was terminated solely to gain a tax deduction because Taxpayer contacted the Charity and proposed to terminate the split interest one year after the charitable deduction was denied.

 We review for clear error the tax court's finding that Taxpayer terminated the split-interest solely to obtain an estate tax deduction. *Norgaard v. Commissioner*, 939 F.2d 874, 877 (9th Cir.1991). A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed. *Dollar Rent a Car, Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir.1985).

Taxpayer argues that obtaining a charitable deduction was not the sole reason for terminating the split-interest charitable bequest. Taxpayer argues in support that if its sole reason to terminate the bequest had been to obtain a charitable deduction, it

---

**1.** The First Church of Christ, Scientist, is a qualified charitable organization pursuant to 26 U.S.C. § 501(c)(3). ·

**2.** A charitable split-interest bequest is created when a decedent passes successive interests in

property to a charitable beneficiary and a noncharitable beneficiary. An example of a split-interest is a trust with income to an individual and remainder to a charity.

would have conditioned the $60,000 payment on it receiving a charitable deduction.

■ We are not persuaded. In light of Taxpayer's letter to the Charity, we do not have a definite and firm conviction that a mistake has been committed. The tax court's finding that Taxpayer terminated the split-interest solely to obtain a charitable deduction is not clearly erroneous.

## II.

Taxpayer next argues that the split-interest rules of IRC § 2055(e) are inapplicable because there is no longer a split-interest. Taxpayer contends that under IRC § 2055(a) it is entitled to a $60,000 charitable deduction.

■ The tax court's holding that Taxpayer is not entitled to a charitable deduction is a conclusion of law reviewed de novo. *Kelley v. Commissioner*, 877 F.2d 756, 757 (9th Cir.1989). Taxpayer bears the burden of proving its entitlement to a charitable deduction, that is, Taxpayer must demonstrate that it comes within the terms of the statute allowing the deduction. *Smith v. Commissioner*, 800 F.2d 930, 933 (9th Cir. 1986).

Under IRC § 2055(a) an estate may deduct from its gross estate the amount of "all bequests, legacies, devises, or transfers ... to or for the use of any corporation organized and operated exclusively for religious, charitable ... or educational purposes." However, when a charitable split-interest bequest is involved, IRC § 2055(a) does not permit a charitable deduction unless the split-interest is in the form of an annuity trust, a unitrust, or a pooled income fund. IRC § 2055(e)(2)(A). Under IRC § 2055(e)(3), a taxpayer may avoid an otherwise nondeductible split-interest by timely modifying the interest into an annui-

ty trust, a unitrust, or a pooled income fund.

Although it is undisputed that Taxpayer did not timely modify the nondeductible split-interest trust, Taxpayer argues nevertheless that the split-interest rules do not apply because the split-interest was terminated. Taxpayer relies heavily on *Estate of Strock v. United States*, 655 F.Supp. 1334 (W.D.Pa.1987).[3]

In *Strock*, the decedent created a split-interest charitable bequest which did not qualify for a charitable deduction. The decedent's will was contested. Specifically, it was contested that the remainder passed intestate rather than to certain charities. A settlement was reached whereby the estate paid $45,000 to the charities and, in return, the charities released their claims to the remainder interest.

The IRS disallowed the charitable deduction because the modification of Strock's will did not comport with IRC § 2055(e)(3). Strock's estate argued that IRC § 2055(e) "does not apply to the charitable bequests resulting from the Stipulation of Settlement with regard to Strock's will because the bequests passed directly to the charities and no longer as part of any form of split-interest trust." *Id.* at 1336. Under the circumstance of this will contest, the district court held that Strock's estate was entitled to a charitable deduction. *Id.* at 1339.

The district court noted, however, that a charitable deduction would have been denied if the estate terminated the split-interest solely to skirt the requirements of IRC § 2055(e). *Id.* at 1340. In other words, "an estate concerned *solely* with gaining a deduction for remainder interests passing to charities under a split-interest trust can only obtain such a charitable deduction

---

**3.** There are other cases which found IRC § 2055(e) inapplicable and allowed a deduction for direct charitable payments, notwithstanding the fact that a nondeductible split-interest originally existed. *Flanagan v. United States*, 810 F.2d 930, 935 (10th Cir.1987); *First Nat'l Bank v. United States*, 727 F.2d 741 (8th Cir.1984); *Oetting v. United States*, 712 F.2d 358 (8th Cir.1983); *Northern Trust Co. v. United States*, 78–1 U.S.T.C. (CCH) ¶ 13,229, at 84,371 (N.D.Ill.1977).

Taxpayer, however, does not and may not rely on these cases. These cases involve situations where the nondeductible split-interest bequests were terminated in settlement of a will contest or to avoid a breach of an executor's fiduciary duties. This case does not involve such situations.

through *its own action* by complying with the relief provisions of § 2055(e)(3)." *Id.*

Here, there is no will contest. Taxpayer is concerned solely with gaining a charitable deduction by skirting the split-interest rules of IRC § 2055(e). In this situation, we adopt the rule of the Pennsylvania district court in the *Strock* case and hold that Taxpayer can only obtain a charitable deduction by complying with the relief provision of IRC § 2055(e)(3). *Id.*

Taxpayer also argues that an executor acts on behalf of the decedent. Taxpayer contends, therefore, that decedent was the one who really terminated the split-interest, and thus IRC § 2055(e) is inapplicable because the split-interest no longer exists. This argument is misplaced. Congress did not intend to encourage charitable gifts by allowing executors to rewrite testators' wills. *See Underwood v. United States,* 407 F.2d 608, 610 (6th Cir.1969) (the purpose of allowing charitable deductions is to encourage testators to make charitable bequests, not to permit executors and beneficiaries to rewrite a will so as to achieve tax savings); *Terre Haute First Nat'l Bank v. United States,* 91–1 U.S.T.C. (CCH) ¶ 60,-070, at 88,266 n. 7 (S.D.Ind.1991) (although Congress intended to encourage charitable gifts, Congress' encouragement was directed towards testators not beneficiaries under the will). Congress only permitted taxpayers to modify decedents' wills to obtain a charitable deduction for an otherwise nondeductible split-interest by following the provisions of IRC § 2055(e)(3).

Taxpayer has not complied with IRC § 2055(e)(3) and has not met its burden of proving it is entitled to a charitable deduction. *See Smith,* 800 F.2d at 933. The tax court, therefore, did not err in denying Taxpayer a $60,000 charitable deduction.

## CONCLUSION

The tax court's finding that Taxpayer terminated the split-interest solely to gain a charitable deduction is not clearly errone-

ous. Nor did the tax court err in denying Taxpayer the $60,000 charitable deduction.

AFFIRMED.