Leonard **APPELL**, Petitioner,

v.

George **SUMNER**, Director, Dept. of Public Safety, State of Hawaii, Respondent.

No. 93–00688 DAE.

United States District Court, D. Hawaii.

March 10, 1994.

has authorized an award of fees to a 'prevailing party.'" *Hensley,* 461 U.S. at 433 n. 7, 103 S.Ct. at 1939.

747

Walter R. Schoettle, Honolulu, HI, for petitioner.

Robert A. Marks, Office of the Atty. Gen., State of Hawaii, Honolulu, HI, Jay T. Kimu-ra, Dale Yamada Ross, Pros. Atty., Kealakekua, HI, for respondent.

*ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATION AND AFFIRMING MAGISTRATE'S ORDER*

DAVID ALAN EZRA, District Judge.

On March 27, 1991, petitioner Leonard Appell was convicted by a jury in Hawaii state court of Terroristic Threatening in the First Degree, in violation of Haw.Rev.Stat. §§ 707–715, 707–716(1)(d), and 702–222(1)(a) and (b); Failure to Return a Rental Motor Vehicle, in violation of Haw.Rev.Stat. § 708–837; and Reckless Endangering in the Second Degree, in violation of Haw.Rev.Stat. §§ 707–714(1) and 702–222(1)(a). Petitioner's motion for new trial was dismissed after a hearing. Petitioner then appealed to the Hawaii Supreme Court, which assigned the case to the Intermediate Court of Appeals ("ICA"). The ICA affirmed the conviction, and petitioner did not petition the supreme court for a writ of certiorari to review the ICA's affirmance.

In his petition for habeas corpus, petitioner alleges that (1) his conviction was obtained through the prosecution's failure to disclose evidence favorable to the defendant; (2) his conviction was obtained through the prosecution's knowing and intentional use of perjured testimony at trial; and (3) his right to appeal was denied. Petitioner's claims are grounded upon his underlying premise that the court reporter either failed to transcribe, or falsified, the full rebuttal testimony of a prosecution witness. Petitioner alleges that this testimony would lay sufficient grounds for his receiving a new trial.

The grounds for relief presented by the petitioner on appeal in state court, however, did not include a claim that the record was not a faithful account of the testimony at trial. Petitioner's appeal before the ICA was grounded on the following arguments: (1) error in instruction on justification; (2) error in denying motion to dismiss Count II; (3) error in denying motion for judgment of acquittal on Count II; (4) error in allowing

parol evidence; and (5) error in denying motion for new trial.

On January 31, 1994, United States Magistrate Judge Barry M. Kurren issued his findings and recommendation to dismiss petitioner's application for writ of habeas corpus for failure to exhaust state remedies. Magistrate Kurren found that, based upon petitioner's admissions, petitioner could have presented his argument regarding the "falsified" transcript to the state courts in either his direct appeal of his conviction or on a petition for post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. In addition, Magistrate Kurren found that petitioner could also have availed himself of the opportunity to correct the trial record pursuant to Rule 10 of the Hawaii Rules of Appellate Procedure. Moreover, Magistrate Kurren found that petitioner's failure to raise the false transcript issue under either Rule 40 or Rule 10 was not supported by good cause, and that petitioner also failed to show good cause for his failure to petition the supreme court for writ of certiorari. Accordingly, Magistrate Kurren recommended that petitioner's request for habeas relief be denied. In light of this finding and recommendation, Magistrate Kurren also denied petitioner's Ex Parte Motion to Permit Discovery, filed on January 20, 1994, concerning the court reporter's notes pertaining to this case. Petitioner appeals the Magistrate Judge's rulings to this court.

## STANDARD OF REVIEW

### 1. *Petitioner's Motion for Habeas Relief*

■ Any party may object to a magistrate judge's case dispositive proposed order, findings, or recommendations. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 404–2. The district court must make a *de novo* determination of those portions of the magistrate judge's report to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* De novo review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. *Ness v. Commissioner,* 954 F.2d 1495, 1497 (9th Cir.1992). Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which objections are made. *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989).

### 2. *Petitioner's Appeal of Magistrate's Order*

■ A district court may only set aside a magistrate judge's order on appeal if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Local Rule 404–1. Thus, the district judge must affirm the magistrate judge unless "it is left with the definite and firm conviction that a mistake has been committed." *Burdick v. Commissioner,* 979 F.2d 1369, 1370 (9th Cir.1992). The reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir.1991).

## DISCUSSION

### 1. *Petitioner's Habeas Corpus Petition*

■ Exhaustion of state remedies is a statutory prerequisite to federal habeas corpus relief under 28 U.S.C. §§ 2254(b) and (c). Section 2254(b) provides as follows:

> An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. § 2254(b) (1977). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1977). The exhaustion requirements have been interpreted as re-

quiring that before an issue may be raised on grounds for federal habeas corpus relief, a state defendant must fairly present the issue to the highest court of the state. *Chaussard v. Fulcomer,* 816 F.2d 925, 928 (3rd Cir. 1987). Indeed, the Court of Appeals for the Ninth Circuit has held that a habeas petitioner has failed to exhaust state remedies when he has not petitioned the state supreme court for review of the court of appeals' decision. *McNeeley v. Arave,* 842 F.2d 230, 231 (9th Cir.1988). Moreover, the Ninth Circuit's holding in *McNeeley* has particular relevance to the instant action: in *McNeeley,* the court held that a plaintiff has a right to petition for supreme court review regardless of the fact that the case was originally appealed to the supreme court and then assigned to the court of appeals pursuant to state procedural rules. The *McNeeley* court found that a plaintiff's failure to take advantage of this opportunity amounted to a failure to exhaust state remedies. *Id.*

 In the instant case, it is undisputed that petitioner had the trial transcripts and evidence of the alleged perjury available to him from the beginning of his appellate process. However, petitioner failed to raise the issue of the transcripts on appeal or in a Rule 40 petition for post-conviction relief. Neither did petitioner follow state procedures available to him under Rule 10 of the Hawaii Rules of Appellate Procedure, which provides as follows:

(e) *Correction or Modification of the Record.*

(1) If any differences arise as to whether the record truly discloses what occurred in the court or agency appealed from, the differences shall be submitted to and settled by that court or agency and the record made to conform to the truth.

(2) If anything material to any party is omitted from the record by error or accident or is misstated therein, corrections or modifications may be made as follows:

(A) by the stipulation of the parties; or

(B) by the court or agency appealed from, either before or after the record is transmitted; or

(C) by direction of the appellate court before which the case is pending, on proper suggestion or its own initiative. If necessary, the appellate court may direct that a new supplemental record be certified and transmitted.

(3) All other questions as to the form and contents of the record shall be presented to the appellate court before whom the case is pending.

Haw.R.App.Proc. 10.

Petitioner does not dispute that he failed to raise the transcript issue in a direct appeal or in a Rule 40 or Rule 10 petition. Instead, petitioner submits that it would have been "impractical" and "not realistic" to do so, because the court reporter "and all of the other alleged conspirators [would] have immediate knowledge of any motions filed in state court and [would] be able to take further actions to thwart and obstruct Petitioner's discovery process." Petitioner's memorandum of Objections to Magistrate's Findings and Recommendation, at 20. Further, petitioner claims that he should be excepted from the general rule barring habeas corpus relief for procedural default. In *Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991), the United States Supreme Court held as follows:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Petitioner argues that the first requirement of the *Coleman* rule is not met because, under the facts of this case, Rule 40 and Rule 10 are not "adequate state procedural rules." Petitioner also argues that he can show cause for the default as well as actual prejudice, since preparation of the allegedly false transcript amounted to interference by a state official which prevented him from raising the issue of perjured testimony in state court.

750

Further, petitioner contends that federal habeas corpus is necessary in this case to prevent a fundamental miscarriage of justice.

Petitioner's arguments are unpersuasive. The assumption underlying each of his legal theories is that the state remedies available to him were inadequate because they would only give the alleged conspirators further opportunities to conceal their wrongful conduct. Curiously, however, petitioner assumes that such misconduct on the part of the court reporting staff would occur exclusively in a state court adjudication of his claims. This court fails to see why a court reporter, bent upon maliciously doctoring the record to conform to her past misconduct, would do so only if such documents were demanded by a state tribunal, as opposed to a federal one. Furthermore, while the court understands the petitioner's argument that the state courts would be incapable of properly addressing his claims, the court simply does not adopt petitioner's bald allegations without a shred of admissible evidence to support them. Petitioner presupposes an entirely corrupt state judicial system that is patently incapable of ferreting out and correcting any abuses which may exist within it. Yet petitioner has not provided this court with any evidence of such failures within the state appellate process. In fact, the record is clearly to the contrary. Thus the court finds that petitioner's allegations fall far short of demonstrating good cause for his failure to raise the false transcript issue in either a Rule 10 proceeding or a direct appeal. Furthermore, petitioner has failed to show good cause for neglecting to petition the Hawaii Supreme Court for a writ of certiorari. Accordingly, the court ADOPTS United States Magistrate Judge Kurren's findings and recommendation that petitioner's request for habeas corpus relief be DENIED.

## 2. Petitioner's Ex Parte Motion to Permit Discovery

 In light of the court's denial of petitioner's request for habeas corpus relief, the court also finds that Magistrate Kurren's denial of petitioner's Ex Parte Motion to Permit Discovery of the court reporter's notes, filed on January 20, 1994, was not clearly erroneous or contrary to law. Thus the court AFFIRMS the magistrate's denial of petitioner's motion.

## CONCLUSION

For the foregoing reasons, the court ADOPTS Magistrate Kurren's Findings and Recommendation that petitioner's request for habeas corpus relief be DENIED. The court also AFFIRMS Magistrate Kurren's Order Denying petitioner's Ex Parte Motion to Permit Discovery.

IT IS SO ORDERED.