**Benter Hernist SANA, Guardian Ad Litem for Peter Hernist SANA, Plaintiff,**

v.

**HAWAIIAN CRUISES, LTD.; Island Navigation, Co.; Bank of Hawaii; In Personam, and M/V Navatek I, O.N. D953302 its engines, boilers, tackle, freight, equipment, stores and furnishings In Rem, Defendants.**

**Civil No. 96–00828 DAE.**

United States District Court, D. Hawai'i.

April 14, 1997.

---

Jay Lawrence Friedheim, Honolulu, HI, for Plaintiff.

Michael D. Formby, Alcantara & Frame, Honolulu, HI, for Defendants.

*ORDER AFFIRMING MAGISTRATE'S ORDER GRANTING DEFENDANTS HAWAIIAN CRUISES, LTD., ISLAND NAVIGATION, CO., BANK OF HAWAII, AND M/V NAVATEK I'S MOTION TO AMEND ANSWER FILED JANUARY 14, 1997 AND DENYING WITHOUT PREJUDICE PLAINTIFF BENTER HERNIST SANA, GUARDIAN AD LITEM FOR PETER HERNIST SANA'S CROSS MOTION TO BAR THE ASSERTION OF THE DEFENSE OF LIMITATION OF LIABILITY*

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 220–2(d), the court finds this matter appropriately decided without a hearing. After reviewing Plaintiff's Statement of Appeal, and the supporting and opposing memoranda, the court AFFIRMS the Magistrate's Order Granting Defendants Hawaiian Cruises, Ltd., Island Navigation, Co., Bank of Hawaii, and M/V Navatek I's Motion to Amend Answer, filed January 14, 1997, and Denying Without Prejudice Plaintiff Benter Hernist Sana, Guardian Ad Litem for Peter Hernist Sana's Cross–Motion to Bar the Assertion of the Defense of Limitation of Liability, filed February 3, 1997.

## BACKGROUND

On October 3, 1996, Plaintiff Benter Hernist Sana, as Guardian Ad Litem for Peter Hernist Sana (hereinafter "Plaintiff"), filed his complaint against Defendants Hawaiian Cruises, Ltd., Island Navigation, Co., Bank of Hawaii, *In Personam,* and Navatek I, M/V (hereinafter collectively "Defendants"). The action arises out of injuries sustained by Peter H. Sana during the course of his employment as a galley worker on the M/V NAVATEK I vessel.

On October 22, 1996, Defendants filed an answer to the subject complaint, which did not raise the defense of limitation of liability. Thereafter, on January 14, 1997, Defendants filed a motion to amend their answer to assert limitation of liability as a defense. On February 3, 1997, Plaintiff filed a Cross– Motion to Bar the Assertion of the Defense of Limitation of Liability and a Memorandum in Opposition of the Defendants' Motion to Amend Answer (hereinafter "Cross–Motion"), which maintained that because six (6) months had passed since the filing of the subject claim, Defendants were effectively time barred from raising the limitation defense. Defendants' Memorandum in Opposition to Plaintiff's Cross–Motion was filed on February 6, 1997.

Magistrate Judge Kurren orally granted Defendants' Motion to Amend Answer and denied Plaintiff's Cross–Motion without prej-

udice on February 18, 1997, and by written order filed February 26, 1997. Plaintiff subsequently filed a Statement of Appeal of the Magistrate's Order on March 7, 1997, to which Defendants filed an Opposition on March 14, 1997. Thereafter, on March 25, 1997, Plaintiff filed a Reply to Defendants' Memorandum in Opposition (hereinafter "Reply").

## STANDARD OF REVIEW

■ Pursuant to Local Rule 404–1, a magistrate judge may hear and determine certain non-dispositive pretrial matters pending before the court. Upon a party's appeal of such magistrate rulings, this court may set aside any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law." [1] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Local Rule 404–1. Thus, this court must affirm the magistrate judge unless "it is left with the definite and firm conviction that a mistake has been committed." *See Burdick v. Commissioner,* 979 F.2d 1369, 1370 (9th Cir.1992). The reviewing court may not simply substitute its judgment for that of the deciding court. *See Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir.1991).

## DISCUSSION

Plaintiff assigned error to the magistrate's Order granting Defendants' Motion to Amend Answer on the basis that Defendants' plea of limitation of liability was filed too late.

The Limitation of Liability Act in issue allows limitation of a vessel owner's liability, and reads in relevant part:

The liability of the owner of any vessel whether American or foreign, for any . . . loss, damage or injury by collision or for any act, matter, or thing, loss, damage, or forfeiture done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not . . . exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C.A.App. § 183(a).

The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter . . .

46 U.S.C.A.App. § 185.

Plaintiff raises no new arguments in the instant appeal, but instead directs the court to consider the arguments raised in his Cross–Motion as the basis for this appeal. Plaintiff argues therein that under 46 U.S.C.A.App. § 185, Defendants had only until February 8, 1996, six (6) months from their date of receipt of the first written notice on August 8, 1995, to amend their answer to include the defense of limitation. *See* Plaintiff's Cross–Motion at 1–2. Accordingly, Plaintiff maintains that Defendants' request to amend their answer, filed on January 14, 1997, was too late.

■ The Ninth Circuit has never addressed the narrow issue of whether the time limitation imposed in 46 U.S.C.A.App. § 185 should be read into § 183 by implication. However, other courts that have addressed the issue have ruled that the filing of a petition within the six (6) month period is but one of two separate methods in which the defense of limitation of liability may be raised. *See, e.g., Vatican Shrimp Co., Inc. v. Solis,* 820 F.2d 674, 677 (5th Cir.1987); *Cin-*

---

1. Plaintiff requests the court to review the order under the *de novo* standard on the basis that no findings of fact were issued. However, Plaintiff fails to note that findings of facts and conclusions of law are only issued in connection with *dispositive* motions. The instant pretrial order is a non-dispositive motion. Such orders are not subject to *de novo* determinations under 28 U.S.C. § 636(b)(1)(A) which provides:

   Notwithstanding any provision of law to the contrary a judge may designate a magistrate to hear and determine any pretrial matter pending before the court. . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is *clearly erroneous or contrary to-law.*

   28 U.S.C. § 636(b)(1)(A) (emphasis added). *See also Grimes v. City and County of San Francisco,* 951 F.2d 236, 241 (9th Cir.1991) ("Pre-trial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; and are not subject to *de novo* determination.").

   Furthermore, even *assuming arguendo* that the magistrate's order was reviewed *de novo,* the court still finds that the order would be affirmed.

cinnati Gas & Elec. Co. v. Abel, 533 F.2d 1001, 1003 (6th Cir.1976); Murray v. New York Cent. R.R. Co., 287 F.2d 152, 153 (2d Cir.1961); The Chickie, 141 F.2d 80, 85 (3d Cir.1944). The first method allows a vessel owner to petition for limitation of liability, under 46 U.S.C.A.App. § 185, if within six months of written notification to it of a possible claim. See Vatican Shrimp Co., Inc. v. Solis, 820 F.2d at 677. Alternatively, the second method allows limitation to be pleaded as a defense in an answer to an earlier filed damage suit, under 46 U.S.C.A.App. § 183. See Signal Oil & Gas Co., v. Barge W–701, 654 F.2d 1164, 1173 (5th Cir.1981) (stating that § 183 provides vessel owners with the right to plead limitation as a defense in answer to an earlier filed damage suit).

█ In so holding, the courts determined that the six (6) month time limitation is only to be imposed upon the filing of petitions under 46 U.S.C.A.App. § 185. See Signal Oil & Gas Co., 654 F.2d at 1173 (holding that the time requirement for filing a § 185 petition does not carry over into an assertion of limitation in answer to a complaint); The Chickie, 141 F.2d at 85 (holding that the "six months limitation was inserted only in what may be called the procedural section," § 185 but not for § 183). Thus, "the time limitation put in Sec. 185 … [is] expressly applicable to a proceeding by petition at the suit of the owner, [but] is not to be read into Sec. 183(a)." The Chickie, 141 F.2d at 85.

The court finds the holdings in these cases persuasive, and finds particularly convincing the rationale for adopting this rule, as set forth in Murray, 287 F.2d at 153. "There is sound reason to differentiate between an original petition for limitation and a plea setting up § –183(a) of the statute in defense to a civil suit, since the plaintiff controls the date of bringing [the] suit." Id. Defendant in the instant case received first written notice of the claim on August 8, 1995 and under § 185 had until February 8, 1996 to file a petition. The complaint in the instant case was not, however, filed until October 3, 1996. To read the time limitation into § 183 would require the defendant to bring a proceeding within six (6) months without being allowed "to see whether the plaintiff would actually bring an action on the claim of which he had given notice." Murray, 287 F.2d at 153. The result would then be that two suits would be pending in the District Court, although the facts to be provided in each case would be the same. See id. Such a result "disregards the desirability of [conducting] one trial only, where all rights can be fairly decided in a single legal proceeding." Id. (citations omitted).

Furthermore, Fed.R.Civ.P. 15(a) states that leave to amend the party's pleadings "shall be freely given when justice so requires." Accordingly, in light of the case law cited above, and the lack of evidence demonstrating bad faith or undue delay, this court cannot conclude that the magistrate's order granting Defendants' request to amend their answer was clearly erroneous or contrary to law. The court therefore AFFIRMS the Magistrate's Order Granting Defendants' Motion to Amend Answer and Denying Without Prejudice Plaintiff's Cross–Motion to Bar the Assertion of the Defense of Limitation of Liability.

As a final observation, this court notes that Plaintiff alternatively requests in his reply that this court address his Cross–Motion as a Rule 56 motion for summary judgment. Plaintiff's request is improperly raised and is in contravention to Local Rule 220–10 which governs the filing of summary judgment motions. Furthermore, addressing Plaintiff's request at this late juncture would unduly prejudice the Defendants, and would preclude their ability to respond to such a motion. Accordingly, this court declines to consider the subject Cross–Motion as a summary judgment motion.

### CONCLUSION

For the reasons stated above, the court AFFIRMS the Magistrate's Order Granting Defendants' Motion to Amend Answer and Denying Without Prejudice Plaintiff's Cross–Motion to Bar the Assertion of the Defense of Limitation of Liability.

IT IS SO ORDERED.