[L.A. No. 30552. Dec. 8, 1976.]

VIVIENNE E. WELTON, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

[Crim. No. 19092. Dec. 8, 1976.]

In re VIVIENNE E. WELTON on Habeas Corpus.

**COUNSEL**

Donald Low and Jonathan K. Golden for Plaintiff and Appellant and for Petitioner.

John T. Hansen, Joseph Remcho, Charles C. Marson and Fred Okrand as Amici Curiae on behalf of Plaintiff and Appellant.

Burt Pines, City Attorney, Ward G. McConnell and Gerry L. Ensley, Deputy City Attorneys, for Defendants and Respondents and for Respondent.

**OPINION**

**CLARK, J.**—Vivienne Welton appeals from judgment in a declaratory relief action upholding Los Angeles Municipal Code section 42.00, subdivisions (b) and (e), as constitutional. She also seeks habeas corpus relief from contempt citations issued against her for violating an injunction based on section 42.00 and on Code of Civil Procedure section 731. Mrs. Welton contends section 42.00 and the resultant injunction are invalid abridgements of her First Amendment rights.

For 14 years Mrs. Welton sold maps to the public on the parkway of Baroda Drive near Sunset Boulevard in Los Angeles. The maps depict the addresses and routes to movie star homes. The map is copyrighted under federal law and exempted from both city business tax and state sales tax as a periodical. (Rev. & Tax. Code, § 6362.)

Section 42.00, as amended in 1972, provides: "(b) No person, except as otherwise provided in subsection (e) and (j) of this section, [1] shall on any street offer for sale, solicit the sale of, announce by any means the

---

[1]Subdivision (j) authorizes the board of public works to issue permits permitting certain activities on sidewalks in connection with community civic events. Subdivision (j) is not here in issue.

availability of, or have in his possession, control or custody . . . any goods, wares, or merchandise which the public may purchase at any time."[2] Subdivision (e) provides: "No person shall sell or offer for sale any newspaper, magazine, periodical, news publication or other printed matter while upon the roadway of any street within the City of Los Angeles provided, however, that persons engaged in selling or offering for sale or disposing of newspapers, news periodicals, or other news publications may sell, offer for sale, solicit the purchase of and advertise the same upon any portion of the sidewalk or parkway."

Mrs. Welton was initially convicted of violating section 42.00. On appeal, the appellate department of the superior court reversed the conviction on the ground the section is unconstitutional, the jury instruction based upon it therefore constituting reversible error. The appellate department attempted to validate the ordinance by construing it as applicable only to printed matter unprotected by the First Amendment. The criminal complaint was then dismissed on motion of the People.

When Mrs. Welton was again confronted with prosecution, she sought both a judgment declaring section 42.00 unconstitutional and an injunction against the city. The city moved for summary judgment. The trial court declared the ordinance constitutional as construed by the appellate department and found that Mrs. Welton could be prosecuted because her activity constituted commercial speech, unprotected by the First Amendment. Accordingly, the court denied Mrs. Welton declaratory and injunctive relief and granted the city's motion for summary judgment.

Subsequent to the declaratory relief action, the city sought an injunction against Mrs. Welton. The court first issued a temporary restraining order and then a preliminary injunction. The injunction prohibited her from selling maps "in or on any street as defined in Section 42.00(a) of the Los Angeles Municipal Code." (See fn. 2.) Between 9 August 1975, the date she was served the injunction, and 29 September 1975, Mrs. Welton repeatedly violated the court's order. She was adjudged in contempt and sentenced to 10 days in jail. However, the

---

[2]Los Angeles Municipal Code section 42.00, subdivision (a), defines "street" as meaning "all that area dedicated to public use for public street purposes and shall include, but not be limited to roadways, parkways, alleys and sidewalks." This definition is applicable to all subdivisions of section 42.00.

sentence was stayed pending our resolution of her application for writ of habeas corpus.

## APPLICABILITY OF FIRST AMENDMENT

■ The city does not dispute that Mrs. Welton's maps communicate information of public interest by printed word and line and are therefore potentially entitled to constitutional protection. (*In re Giannini* (1968) 69 Cal.2d 563, 569 [72 Cal.Rptr. 655, 446 P.2d 535].) Nor does the city contend that the maps are obscene, false, misleading or threaten violence. (*Erznoznik* v. *City of Jacksonville* (1975) 422 U.S. 205, 215 [45 L.Ed.2d 125, 134, 95 S.Ct. 2268]; *Police Department of Chicago* v. *Mosley* (1972) 408 U.S. 92, 95 [33 L.Ed.2d 212, 216, 92 S.Ct. 2286]; see *Miller* v. *California* (1973) 413 U.S. 15 [37 L.Ed.2d 419, 93 S.Ct. 2607]; *Gooding* v. *Wilson* (1972) 405 U.S. 518 [31 L.Ed.2d 408, 92 S.Ct. 1103]; Note, *Freedom of Expression in a Commercial Context* (1965) 78 Harv.L.Rev. 1191, 1197-1198; *Developments in the Law—Deceptive Advertising* (1967) 80 Harv.L.Rev. 1005, 1010-1015.) Instead, the city argues Mrs. Welton's sales activities are not protected by the First Amendment because they constitute commercial speech. Alternatively, the city contends that even if Mrs. Welton's sales are constitutionally protected, section 42.00 nevertheless remains valid because it is a reasonable police power regulation.

## COMMERCIAL SPEECH

Mrs. Welton's sales are not removed from First Amendment protection by the doctrine of commercial speech. The doctrine has previously been limited in its application to upholding governmental regulation of advertising. (E.g., *Bigelow* v. *Virginia* (1975) 421 U.S. 809, 819-820 [44 L.Ed.2d 600, 610-611, 95 S.Ct. 2222]; *New York Times Co.* v. *Sullivan* (1964) 376 U.S. 254, 266 [11 L.Ed.2d 686, 698, 84 S.Ct. 710, 95 A.L.R.2d 1412]; see generally, DeVore & Nelson, *Commercial Speech and Paid Access to The Press* (1975) 26 Hastings L.J. 745.) Clearly, Mrs. Welton's street vending is not advertising per se. Her activity constitutes sale of the printed information itself, not its advertisement. Moreover, during the pendency of this case, the United States Supreme Court decided *Virginia State Board of Pharmacy* v. *Virginia Citizens Consumer Council, Inc.* (1976) 425 U.S. 748, 762 [48 L.Ed.2d 346, 358, 96 S.Ct. 1817].) In *Virginia State Board* the high court held that speech is not removed from the protection of the First Amendment simply because it "does 'no more than propose

a commercial transaction.' " (*Id.* at p. 762 [48 L.Ed.2d at p. 358].) It is thus apparent that the commercial character of Mrs. Welton's activities does not deprive her of constitutional protection. (*Bigelow* v. *Virginia, supra,* 421 U.S. 809, 818 [44 L.Ed.2d 600, 609-610]; *Ginzburg* v. *United States* (1966) 383 U.S. 463, 474 [16 L.Ed.2d 31, 40, 86 S.Ct. 942]; *Smith* v. *California* (1959) 361 U.S. 147, 150 [4 L.Ed.2d 205, 209, 80 S.Ct. 215].)

The fact that some may view the map as lacking opinion, newsworthiness or information of social worth, is constitutionally irrelevant. This court may not—consistent with its obligations to the Constitution—examine the map's content or venture an opinion of its social worth. Mrs. Welton and her maps are entitled to the same First Amendment protection as the political candidate and his political pamphlet. (*Winters* v. *New York* (1948) 333 U.S. 507, 510 [92 L.Ed. 840, 847, 68 S.Ct. 665]; *Katzev* v. *County of Los Angeles* (1959) 52 Cal.2d 360, 365 [341 P.2d 310].)

POLICE POWER

We are unable to uphold subdivision (b) as being a reasonable police power regulation when reviewed against Mrs. Welton's First Amendment rights. While it is settled that government may reasonably regulate the time, place and manner of exercising First Amendment rights, the regulation must be written narrowly and explicitly, in furtherance of a legitimate police power purpose. (*Grayned* v. *City of Rockford* (1972) 408 U.S. 104, 116-117 [33 L.Ed.2d 222, 232-233, 92 S.Ct. 2294]; *Healy* v. *James* (1972) 408 U.S. 169, 192 [33 L.Ed.2d 266, 286, 92 S.Ct. 2338]; *Burton* v. *Municipal Court* (1968) 68 Cal.2d 684, 689-690 [68 Cal.Rptr. 721, 441 P.2d 281].)

Governmental regulation of street traffic is clearly a legitimate exercise of the police power. (See *Cox* v. *New Hampshire* (1941) 312 U.S. 569 [85 L.Ed. 1049, 61 S.Ct. 762, 133 A.L.R. 1396]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 197, pp. 3472-3474.) However, section 42.00 sweeps too wide. Through its cross-reference to subdivision (e) which refers to printed material, subdivision (b) would ordinarily be understood as including printed material within the prohibited "goods, wares, or merchandise" and thus subdivision (b) would forbid the sale of all printed material other than "newspapers, news periodicals, or other news publications" on sidewalks and parkways as well as on the roadways. The ordinance does not merely

regulate, but bans the sale of books, magazines, pamphlets, maps and other constitutionally protected material at locations historically associated with the exercise of First Amendment rights. (*Diamond* v. *Bland* (1970) 3 Cal.3d 653, 658 [91 Cal.Rptr. 501, 477 P.2d 733]; *Young* v. *Municipal Court* (1971) 16 Cal.App.3d 766, 768-769 [94 Cal.Rptr. 331].) As presently written, the ordinance goes too far, endangering the exercise of First Amendment rights and therefore cannot be upheld as an exercise of the police power. (*NAACP* v. *Alabama* (1964) 377 U.S. 288, 307-308 [12 L.Ed.2d 325, 338-339, 84 S.Ct. 1302]; *In re Kay* (1970) 1 Cal.3d 930, 941 [83 Cal.Rptr. 686, 464 P.2d 142].)

■ However, subdivision (e)(1) constitutes a valid exercise of the police power. This subdivision prohibits the sale of printed material on the *roadway* of any street, while specifically permitting the sale of news-related items on *parkways* and *sidewalks*. The roadway is that portion of the street travelled by vehicles. (Los Angeles Mun. Code, § 42.00, subd. (a).) Prohibiting dissemination of anything in the path of cars, trucks and buses obviously furthers public safety, constituting a reasonable place restriction. The fact that the same subdivision does not specifically permit the sale of nonnews-related printed matter on parkways and sidewalks is not pertinent. The sale of such material on adjoining property (parkways and sidewalks) is not prohibited by this subdivision and therefore need not be specifically exempted. The express language permitting the sale of news-related items is simply an effort to insure that the principal means by which First Amendment rights are exercised are not abridged.

We next determine whether subdivision (b) is susceptible to a judicial construction curing its constitutional infirmity.

JUDICIAL CONSTRUCTION

■ Two principles of statutory construction govern whether a statute or ordinance suffering overbreadth may be construed so as to avoid conflict with the Constitution. First, the enactment may be validated if its terms are reasonably susceptible to an interpretation consistent with the Constitution. (*San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 948 [92 Cal.Rptr. 309, 479 P.2d 669]; *People* v. *Davis* (1968) 68 Cal.2d 481, 483-484 [67 Cal.Rptr. 547, 439 P.2d 651].) Second, the court should construe the enactment so as to limit its effect and operation to matters that may be constitutionally regulated or prohibited. (*In re*

*Brown* (1973) 9 Cal.3d 612, 623 [108 Cal.Rptr. 465, 510 P.2d 1017]; *In re Bushman* (1970) 1 Cal.3d 767, 773 [83 Cal.Rptr. 375, 463 P.2d 727].)

■ Both principles are limited by the further rule that judicial construction must not create uncertainty inhibiting exercise of a constitutional right. (*Mulkey* v. *Reitman* (1966) 64 Cal.2d 529, 543 [50 Cal.Rptr. 881, 413 P.2d 825]; *Franklin Life Ins. Co.* v. *State Board of Equalization* (1965) 63 Cal.2d 222, 227 [45 Cal.Rptr. 869, 404 P.2d 477].)

We look to both the immediate objective and ultimate effect of the ordinance to determine whether danger of uncertainty exists. (See *San Francisco Unified School Dist.* v. *Johnson, supra,* at p. 953; *Mulkey* v. *Reitman, supra,* at pp. 533-534; *Jackson* v. *Pasadena City School Dist.* (1963) 59 Cal.2d 876, 880 [31 Cal.Rptr. 606, 382 P.2d 878].) ■ If the statute is directed primarily at regulation of a constitutional right, the risk of an inhibiting effect following judicial construction is high. (*Perrine* v. *Municipal Court* (1971) 5 Cal.3d 656, 664 [97 Cal.Rptr. 320, 488 P.2d 648]; *Van Nuys Pub. Co.* v. *City of Thousand Oaks* (1971) 5 Cal.3d 817, 828 [97 Cal.Rptr. 777, 489 P.2d 809].) For this reason, such statute must be both written and construed with precision and care. (*N.A.A.C.P.* v. *Button* (1963) 371 U.S. 415, 438 [9 L.Ed.2d 405, 421, 83 S.Ct. 328]; *Van Nuys Pub. Co.* v. *City of Thousand Oaks, supra,* at p. 821.) ■ However, if the legislative enactment is directed primarily at the regulation of conduct not rising to the level of a First Amendment right and its application only incidentally impinges upon such a right, the danger of an inhibiting effect following construction is lower and the enactment is obviously more susceptible to judicial validation. (E.g., *Braxton* v. *Municipal Court* (1973) 10 Cal.3d 138, 144-145 [109 Cal.Rptr. 897, 514 P.2d 697]; *In re Brown, supra,* at p. 623.)

Subdivision (b) may be construed in a manner consistent with the Constitution. Subdivision (b) prohibits the sale of "goods, wares and merchandise." These terms indicate that the principal objective of the ordinance is the regulation of the sale of products—not printed matter. This language also indicates to the reader that subdivision (b)'s prohibitions are not directed primarily at speech or press. A construction limiting subdivision (b)'s applicability to the sale of products therefore does not entail risk of inhibiting First Amendment rights.

■ As noted above, the overbreadth of subdivision (b) is the result of its cross-reference to subdivision (e). This may be cured simply by excising

the cross-reference to subdivision (e). (See *Santa Barbara Sch. Dist.* v. *Superior Court* (1975) 13 Cal.3d 315, 330 [118 Cal.Rptr. 637, 530 P.2d 605]; *Dillon* v. *Municipal Court* (1971) 4 Cal.3d 860, 871 [94 Cal.Rptr. 777, 484 P.2d 945]; *In re Blaney* (1947) 30 Cal.2d.643, 645 [184 P.2d 892]; *People* v. *Duffy* (1947) 79 Cal.App.2d Supp. 875, 888 [179 P.2d 876].) However, the cross-reference to subdivision (j) need not be deleted. Subdivision (j) concerns granting permission to engage in commercial activities on sidewalks and parkways in connection with civic events. Its terms, like the remainder of subdivision (b), clearly indicate that it concerns the sale of commercial products—not constitutionally protected matter.

HABEAS CORPUS

██ Habeas corpus lies to secure one's release from actual or constructive custody following an alleged violation of an unconstitutional order (*In re Berry* (1968) 68 Cal.2d 137, 146 [65 Cal.Rptr. 273, 436 P.2d 273]), statute or ordinance. (*In re Petersen* (1958) 51 Cal.2d 177, 181 [331 P.2d 24].)

██ An injunction based on an unconstitutional ordinance exceeds the issuing court's jurisdiction. (*Fortenbury* v. *Superior Court* (1940) 16 Cal.2d 405, 407-408 [106 P.2d 411].) ██ To the extent that the present injunction is based on her activity allegedly in violation of section 42.00, subdivision (b), it was issued in excess of the court's jurisdiction and cannot provide a basis for adjudging Mrs. Welton in contempt.

The city contends the public nuisance statutes (Civ. Code, § 3479; Code Civ. Proc., § 731)—independent of section 42.00—support the injunction.

██ A public nuisance statute may be enforced only in a manner consistent with constitutional protections. (*People* ex rel. *Busch* v. *Projection Room Theater* (1976) 17 Cal.3d 42, 55 [130 Cal.Rptr. 328, 550 P.2d 600].) ██ This injunction, like the ordinance, suffers from overbreadth. It prohibits Mrs. Welton's exercise of First Amendment rights on all streets, sidewalks and parkways in all residential areas. The city has failed to demonstrate that such a broad prohibition is necessary to the attainment of a legitimate police power purpose. Its interest in abating public nuisance cannot be pursued by means infringing personal

liberties when less restrictive alternatives are available. (See *Shelton* v. *Tucker* (1960) 364 U.S. 479, 488 [5 L.Ed.2d 231, 237, 81 S.Ct. 247].)

The judgment in Los Angeles Superior Court No. C-102195 is reversed. The writ of habeas corpus is issued and the order adjudging Mrs. Welton in contempt is vacated.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.