110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Joseph GRAY, Petitioner-Appellant,
v.
Robert G. GILLEN, Chief Probation Officer of Sonoma County,
Respondent-Appellee.
 No. 95-15389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997.
Decided March 18, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Joseph Gray petitions for a writ of habeas corpus, arguing that his conviction of misdemeanor assault with serious bodily injury in violation of Cal.Penal Code § 243(d) was constitutionally infirm due to juror misconduct and misleading jury instructions. The district court held that Gray fully exhausted his state remedies,[1] but later denied Gray's petition on the merits. We vacate and remand.
 
 
 3
 Federal habeas corpus applicants must exhaust all state remedies before proceeding to federal court. See McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir.1988). We held in Larche v. Simons, 53 F.3d 1068, 1072 (9th Cir.1995), that "before turning to the federal courts for habeas review, misdemeanants must present their constitutional claims to the California Supreme Court by means of state habeas petitions."
 
 
 4
 While Gray exhausted his direct appeals by requesting certification from the Superior Court Appellate Department to transfer his case to the California Court of Appeal, he did not seek habeas review in the California Supreme Court. Gray thus failed to exhaust his available state remedies and his attempt to challenge his misdemeanor conviction on federal constitutional grounds is premature.
 
 
 5
 We vacate the judgment and remand with instructions to dismiss without prejudice the petition for federal habeas relief. No party to recover costs in this court.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Honorable Fern M. Smith presided at the time of the exhaustion ruling. The case was subsequently transferred to Judge Lynch, who ultimately denied the petition