**Kelly V. PARKINSON, Petitioner–Appellant,**

v.

**Jeff CONWAY, Warden, Respondent–Appellee.**

No. 04–35944.

D.C. No. CV–03–00309–LMB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Dec. 7, 2005.

Greg S. Silvey, Esq., Boise, ID, for Petitioner–Appellant.

Kelly V. Parkinson, Rexburg, ID, pro se.

L. Lamont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondent–Appellee.

Before HANSEN,** W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM ***

The facts of this matter are known to the parties.

The issue in this case is whether Kelly V. Parkinson's release from custody renders his petition for habeas corpus moot. Under Article III of the Constitution, mootness deprives a federal court of subject matter jurisdiction to hear a case. *See, e.g., North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

" 'The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition.' " *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001) (quoting *Larche v. Simons,* 53 F.3d 1068, 1069 (9th Cir.1995)). The Supreme Court has held that a habeas petition challenging a conviction is not ren-

---

2. Plaintiff affirmatively abandoned her claim involving Demmin.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**952**

dered moot by a prisoner's release from incarceration so long as the fact of conviction carries collateral consequences. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). However, Parkinson only challenges the method by which his sentence is calculated, not the validity of his conviction itself; therefore, this line of cases is inapplicable.

We therefore hold that Parkinson's petition for habeas corpus is moot. Accordingly, this Court lacks jurisdiction to consider it, and we dismiss.

DISMISSED.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.