**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BRIAN JOSEPH MCMONAGLE,
*Petitioner-Appellant*,

v.

DON L. MEYER, Chief Probation
Officer of Sacramento County,
*Respondent-Appellee*.

No. 12-15360

D.C. No.
2:11-cv-02115-
GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted
November 5, 2013—San Francisco, California

Filed September 10, 2014

Before: Sidney R. Thomas and Johnnie B. Rawlinson,
Circuit Judges, and Kevin Thomas Duffy, District Judge.[*]

Opinion by Judge Duffy;
Dissent by Judge Rawlinson

---

[*] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's order dismissing as untimely a 28 U.S.C. § 2254 habeas corpus petition challenging a misdemeanor conviction for driving under the influence, and remanded.

The panel held that in the context of California misdemeanants who are required to file a state habeas petition in order to both reach the state court of last resort and fully exhaust their claim before seeking relief in federal court, finality for the purposes of AEDPA occurs once the California Supreme Court denies their state habeas petition and the United States Supreme Court denies certiorari or the 90-day period for filing a petition for certiorari expires.

Dissenting, Judge Rawlinson wrote that the majority opinion erroneously conflates the concepts of finality and exhaustion and runs afoul of the time limits contained in 28 U.S.C. § 2244(d)(1)(A).

## COUNSEL

Charles Marchand Bonneau, II, Sacramento, California; for Petitioner-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Brian G. Smiley (argued), Supervising Deputy Attorney General; Brian R. Means, Deputy Attorney General; Michael P. Farrell, Senior Assistant Attorney General; and Kamala D. Harris, Attorney General, Office of the Attorney General, Sacramento, California, for Respondent-Appellee.

**OPINION**

DUFFY, District Judge:

Petitioner-Appellant Brian Joseph McMonagle appeals the district court's dismissal of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. McMonagle seeks relief from a misdemeanor conviction for driving under the influence. In response to McMonagle's petition, the Attorney General's office filed a motion to dismiss the petition as untimely. On January 30, 2012, the district court granted Appellee's motion to dismiss on the grounds that it had not been filed within the time limit provided in 28 U.S.C. § 2244(d)(1)(A). For the reasons discussed below, we reverse.

**FACTS AND PROCEDURAL HISTORY**

On November 21, 2008, Brian Joseph McMonagle was convicted by a jury of (i) misdemeanor driving under the influence of alcohol ("DUI") and (ii) driving with a blood alcohol level of .08% or more. The jury also determined that McMonagle drove with a blood alcohol level of .15% or more. McMonagle admitted a prior conviction as to each count and was sentenced to summary probation for three years, and 15 days in jail. McMonagle appealed his conviction to the Appellate Division of the Superior Court of

California ("Appellate Division"). On December 18, 2009, the Appellate Division reversed McMonagle's conviction for driving with a blood alcohol level of .08% and in excess of .15% in the wake of the Supreme Court's ruling in *Crawford v. Washington*, 541 U.S. 34 (2004). Following the reasoning set forth in *Crawford*, the Appellate Division held that McMonagle's Confrontation Clause rights were violated when the state trial court admitted McMonagle's blood alcohol lab report without the sponsoring testimony of the analyst who prepared the report. The Appellate Division thus reversed his conviction for driving with a blood alcohol level of .08%. The Appellate Division did not, however, reverse the DUI conviction, holding that there was sufficient evidence to uphold the conviction, namely that McMonagle stopped abruptly and irregularly for a red light, drove abnormally slow, turned abruptly, smelled of alcohol, mumbled, admitted to consuming alcohol, had red, watery eyes, was slow and unsteady on his feet, and had difficulty walking.

McMonagle filed a timely request for certification of the matter to the California Court of Appeal, which the Appellate Division denied on January 19, 2010. On February 3, 2010, McMonagle filed a timely request for transfer in the Third District Court of Appeal, which was denied on February 11, 2010. On April 7, 2010, McMonagle timely filed a petition for writ of habeas corpus in the California Supreme Court asserting that he was denied the right to confrontation by the use in evidence of conclusions drawn by an expert witness who was not available to testify at trial. The California Supreme Court denied that petition without comment on June 17, 2010.

On August 10, 2011, McMonagle filed a federal petition for writ of habeas corpus in the Eastern District of California. The state moved to dismiss the federal petition on the grounds that it was untimely. The state argued that (i) McMonagle's period of "direct review" in the state courts ended on February 11, 2010, when the state Court of Appeal denied McMonagle's request for transfer, and (ii) the 90-day time period to seek certiorari in the United States Supreme Court ended on May 12, 2010. According to the state, the AEDPA one-year statute of limitations began on the following day, May 13, 2010, making the last day to file a federal writ of habeas corpus May 12, 2011, plus any time for tolling. The state conceded that McMonagle was entitled to a statutory toll pursuant to 28 U.S.C § 2244(d)(2) from May 13, 2010 (the day after McMonagle's 90-day period to petition the U.S. Supreme Court ostensibly expired) to June 17, 2010 (the date his state habeas petition was denied by the California Supreme Court). Thus, the state argued that the habeas petition filed in the California Supreme Court, while necessary for exhaustion, is not part of the "direct review" process for purposes of determining when the statute of limitations begins to run.

McMonagle argued that his one-year statute of limitations did not begin until September 17, 2010. This is 90 days after the California Supreme Court denied his habeas petition on June 17, 2010, and when his state court claim was fully exhausted and his period for Supreme Court review ended. McMonagle argued that since exhaustion of remedies to the highest state court is required before a habeas petition can be presented in federal court, the "direct review" of his claim ended only after the California Supreme Court denied his habeas petition and the 90-day time period to file with the United States Supreme Court had expired.

The district court granted the state's motion to dismiss on January 30, 2012. The district court held that while a misdemeanor defendant is entitled to appeal their conviction to the Appellate Division of the California Superior Court, a denial of a request to transfer to the California Court of Appeals is "final immediately" pursuant to the California Rules of Court. *See* Cal. R. Ct. 8.1018(a). As such, McMonagle's 90-day certiorari review period began on February 11, 2010—the day his request to transfer was denied. The district court further held that McMonagle was entitled to a 36-day toll pursuant to AEDPA's tolling provision in § 2244(d)(2).[1] Tolling the statute of limitations moved McMonagle's habeas petition filing deadline to June 17, 2010 by the district court's calculus.

Following the district court's decision, McMonagle moved for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, or, alternatively, that the district court issue a certificate of appealability. The district court denied McMonagle's motion for reconsideration, but granted his certificate of appealability. This appeal followed.

---

[1] The California Court of Appeals denied McMonagle's request for a transfer on February 11, 2010. The district court found that this date marked the conclusion of "direct review" of McMonagle's petition. Using this definition of finality, McMonagle had 90 days, or until May 12, 2010, to petition the U.S. Supreme Court for review. According to the district court, McMonagle's one-year statute of limitations began to accrue the next day, May 13, 2010. However, McMonagle's properly filed petition to the California Supreme Court was pending before that court until June 17, 2010. Therefore, the district court tolled the one-year statute of limitations for 36-days, or from May 13, 2010 to June 17, 2010.

**STANDARD OF REVIEW**

The timeliness of a federal habeas petition, including a district court's dismissal of a claim under the AEDPA statute of limitations is reviewed *de novo*. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010); *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir. 2007). Furthermore, we review questions of statutory interpretation *de novo*. *Id.*

**DISCUSSION**

## I. Introduction

McMonagle timely filed his petition for writ of habeas corpus within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1)(A). We hold that, in the context of California misdemeanants who are required to file a state habeas petition in order to both reach the state court of last resort and fully exhaust their claim before seeking relief in federal court, finality for the purposes of AEDPA occurs once the California Supreme Court denies their state habeas petition and the United States Supreme Court denies certiorari or the 90-day period for filing a petition for certiorari expires. Thus, we reverse and remand.

Our holding is based on a careful analysis of the related but distinct concepts of exhaustion and finality. While it is important that courts not conflate the two, in the context of California misdemeanants, direct review should not be final until a petitioner exhausts his state remedies, which includes filing a habeas petition to the California Supreme Court. This ensures that the California Supreme Court has an opportunity to correct any constitutional violations before a petitioner

seeks help in either the United States Supreme Court or federal district court. Any other holding could result in simultaneous state and federal petitions, which would undermine the bedrock principal of comity.

## II. When AEDPA's Statute of Limitations Begins to Run on State Habeas Petitioners

AEDPA "establishes a one-year statute of limitations for a state prisoner to file a federal habeas corpus petition." *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The statute of limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 646, 181 L. Ed. 2d 619 (2012). In contrast, where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the U.S. Supreme Court expires. *See Jimenez*, 555 U.S. at 120. This is because the U.S. Supreme Court has jurisdiction over final decisions of the highest state court "in which a decision could be had" respecting a constitutional right or other federal law. 28 U.S.C. §1257.

The rules articulated in *Gonzales* and *Jimenez* do not definitively resolve this case, however, because California labels discretionary review of a misdemeanor by its court of last resort a "collateral" proceeding. Texas—where both *Gonzales* and *Jimenez* originated—considers discretionary review by the state court of last resort for criminal matters to be part of the *direct* review process. California, in contrast,

considers discretionary review of a misdemeanor by the California Supreme Court—California's court of last resort—to be a *collateral* proceeding. The practical difference between the two is not self-evident: "the phrase 'collateral review'" simply means "judicial review of a judgment in a proceeding that is not part of direct review." *Wall v. Kholi*, 131 S. Ct. 1278, 1282 (2011) (internal quotations and citations omitted) (holding a state prisoner's post-conviction motion to reduce sentence was part of collateral rather than direct review).

### A. The California Path of Review for a Misdemeanor is Atypical

A California misdemeanant's path to federal court review is somewhat unusual. In California, a misdemeanor criminal conviction may be immediately appealed to the Appellate Division of the Superior Court. Cal. Penal Code. § 1466. After the proceedings in the Appellate Division have concluded, a misdemeanor defendant may request that the Appellate Division certify the matter to the state Court of Appeal. If this certification request is denied, a misdemeanor defendant may seek a transfer in the Court of Appeal directly. *See* Cal. R. Ct. 8.1002, 8.1006. Pursuant to California Rule of Court 8.1018(a), "if the Court of Appeal denies transfer of a case from the appellate division of the superior court after the appellate division certifies the case for transfer or after a party files a petition for transfer, the denial is *final immediately*." Cal. R. Ct. 8.1018(a) (emphasis added). The denial of a misdemeanor defendant's request to transfer cannot be reviewed by the California Supreme Court. Cal. R. Ct. 8.500(a)(1). However, the California Constitution gives the California Supreme Court original jurisdiction over misdemeanants' habeas claims. Cal. Const. of 1879, art. VI,

§ 10 (1966). Thus, a habeas petition is the means by which a misdemeanant can have the California Supreme Court consider his or her claim.

## B. Federal Law Governs When "Direct Review" Concludes

The state argues that the language of California Rule of Court 8.1018(a), which renders the California Court of Appeal Transfer "final immediately," "strongly indicates that 'direct review' [under AEDPA] ends once the California Court of Appeal denies a misdemeanant's petition for transfer and the 90-day period for certiorari elapses." But California's nomenclature is not determinative here because federal law, not state law, determines "when a conviction becomes 'final by the conclusion of direct review.'" *Summers v. Schriro*, 481 F.3d 710, 714 (9th Cir. 2007). "Finality is a concept that has been 'variously defined; like many legal terms, its precise meaning depends on context.'" *Jimenez*, 555 U.S. at 119. The U.S. Supreme Court has rejected a state-specific definition of finality under AEDPA, holding that it "would usher in state-by-state definitions of the conclusion of direct review . . . [a]nd it would pose serious administrability concerns." *Gonzalez*, 132 S. Ct. at 655.

Thus, despite how California categorizes it, seeking habeas review of a misdemeanor in the California Supreme Court is, for the purposes of federal law, *de facto* part of the direct review process. It is available to all misdemeanants, and is the sole mechanism by which California's court of last resort reviews legal issues before a petitioner may seek federal review. For that reason, state habeas review in these circumstances is not truly collateral "in its customary and preferred sense" because it is not "lying aside from the main

subject." *Wall*, 131 S. Ct. at 1284. Accordingly, finality here for the purposes of AEDPA occurs once the California Supreme Court denies a misdemeanant's state habeas petition and the U.S. Supreme Court denies certiorari or the 90-day period for filing a petition for certiorari expires.

## III. A Misdemeanant Must Exhaust at the California Supreme Court Before Seeking Federal Review

Here, it is no coincidence that finality coalesces with exhaustion. A habeas petitioner must exhaust all available state remedies before seeking review in a federal district court. *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995); 28 U.S.C. § 2254. Almost two decades ago, this court held that "before turning to the federal courts for habeas review, misdemeanants must present their constitutional claims to the California Supreme Court by means of state habeas petitions" in order to fully exhaust their claims in compliance with § 2254. *Id.* at 1072. The Supreme Court, moreover, has repeatedly emphasized the importance of full exhaustion in habeas petitions, stating, for example,

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply

> the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (internal citations and quotation marks omitted). The exhaustion requirement affords state courts a full opportunity to consider and correct any constitutional or federal law challenges to a state judgment before a habeas defendant can collaterally attack the judgment in federal court. *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001); *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (holding that if a state's appellate procedure allows a habeas petitioner to file a discretionary petition with the state's highest court that is a necessary step to exhaustion).

Thus, before a defendant in state custody may seek federal review, that defendant must fully exhaust all available state remedies. For misdemeanants in California, this includes filing a discretionary petition to the California Supreme Court. *Larche*, 53 F.3d at 1072. It is only after the California State Supreme Court petition is denied that a misdemeanant's 90-day window within which he can properly file, or decline to file, a petition for certiorari with the U.S. Supreme Court begins to run. "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13(1). Thus, in habeas cases such as this one, it would be nonsensical to have finality and

exhaustion occur at different times merely because a state labels discretionary review by the state court of last resort "collateral" rather than "direct." It could create a situation where a misdemeanant cannot yet petition a federal court because he has not yet exhausted his state remedies, and yet, at the same time, he must petition the federal courts lest he run the statute of limitations.

The state acknowledges that McMonagle was required file the discretionary petition with the California Supreme Court in order to fully exhaust his claim for federal purposes. *See Larche*, 53 F.3d at 1071. McMonagle did so, and the Supreme Court of California denied that petition on June 17, 2010. McMonagle's 90-day window to file certiorari with the United States Supreme Court began that day and expired on September 17, 2010. On this date, McMonagle's claim was both exhausted and final. McMonagle then had until September 17, 2011 to file his federal habeas petition. He did so on August 10, 2011, and his petition was therefore timely.

## VI.   Finality and Exhaustion Coinciding is Not Problematic

We find unpersuasive the state's argument that incorporating exhaustion into "direct review" would give misdemeanants two 90-day certiorari periods, "one after the highest state court had ruled on direct review, whatever the status of that court, and another further 'tolling' 90-day period after submission of a habeas petition to the highest state court which could review the habeas petition." California misdemeanants who, like McMonagle, comply with all of the state's appellate procedures and deadlines, including filing a timely discretionary petition with the California Supreme Court, would be entitled to only one 90-

day certiorari period, commencing after the California Supreme Court denied the discretionary petition. Our holding in this case is deliberately narrow, applying only to misdemeanants who timely file and otherwise fully comply with all of the California state exhaustion requirements.

Nor are we persuaded by the state's argument that if finality of direct review for misdemeanor defendants coincides with claim exhaustion, AEDPA's tolling provision in § 2244(d)(2) would be rendered a nullity. AEDPA's tolling provision states, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Our holding only makes this provision redundant in states, like California, that label discretionary review to the court of last resort as "collateral" rather than "direct." Ultimately, the consideration that our holding may render § 2244(d)(2) inapplicable to misdemeanor habeas petitioners in a few select states is greatly outweighed by federal courts' overriding concerns for comity and uniformity.

## CONCLUSION

"Finality is a concept that has been 'variously defined; like many legal terms, its precise meaning depends on context.'" *Jimenez*, 555 U.S. at 119. This case is the perfect example of "finality" varying based on context. In the context of California misdemeanor habeas petitioners, finality for the purposes of AEDPA occurs once the California Supreme Court denies their state habeas petition and the U.S. Supreme Court denies certiorari or the 90-day period for filing a petition for certiorari expires. Even though a

misdemeanor judgment is "final immediately" under the California Rules of Court, the judgment is not final for purposes of AEDPA until a misdemeanant has exhausted his claim by filing a discretionary petition in the California State Supreme Court. This holding ensures that federal courts "avoid the 'unseem[liness]' of . . . overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Ultimately, this may be a hollow victory for Mr. McMonagle. If on remand the district court finds that the California Appellate Division correctly determined that the admission of the blood test results was harmless beyond a reasonable doubt, Mr. McMonagle's petition will be denied on the merits.

**REVERSED AND REMANDED**.

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent from the holding of the majority that Brian Joseph McMonagle's habeas petition was timely. In my view, the majority opinion erroneously conflates the concepts of finality and exhaustion and runs afoul of the time limits contained in 28 U.S.C. § 2244(d)(1)(A) of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

As the majority opinion discusses, the issue of timeliness in this case stems from the peculiar review procedure that governs misdemeanor appeals in the California judicial

system.    In California, an individual convicted of a misdemeanor may only challenge the conviction by filing an appeal with the appellate division of the superior court of California.  *See* Cal. Penal Code § 1466; *see also People v. Burlington N. Santa Fe R.R.*, 209 Cal. App. 4th 1513, 1520 n.3 (2012) ("In a misdemeanor case, appeal is to the appellate division of the superior court.") (citing Cal. Penal Code § 1466).  At the conclusion of proceedings in the appellate division of the superior court, a party may request that the appellate division of the superior court certify an appeal to the California Court of Appeal.  *See* Cal. R. Ct. 8.1005, 8.1002; *see also Tecklenberg v. Appellate Div.*, 169 Cal. App. 4th 1402, 1405 (2009).   If the appellate division of the superior court denies the request for certification, a party may seek directly a transfer to the Court of Appeal.  *See* Cal. R. Ct. 8.1006, 8.1002.  "If the Court of Appeal denies transfer of a case from the appellate division of the superior court . . . , the denial is final immediately. . . . " Cal R. Ct. 8.1018 (a). The party may not appeal the denial to the California Supreme Court.    *See* Cal. R. Ct. 8.500(a)(1); *see also Tecklenberg*, 169 Cal. App. 4th at 1405 n.4 ("Rule 8.500(a)(1) provides:  A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order, *except the denial of a transfer of a case within the appellate jurisdiction of the superior court*.") (internal quotation marks omitted) (emphasis in the original).

To summarize, an individual convicted of a misdemeanor in California may obtain review of that conviction in the appellate division of the superior court.  If that review is unfavorable, the party may seek further review via transfer to the California Court of Appeal directly or through certification from the appellate division of the superior court. However, if the Court of Appeal declines the transfer, no

further direct appeal is available. Specifically, the order denying transfer to the Court of Appeal is final immediately, and no petition for review may be filed in the California Supreme Court.

In this case, McMonagle's request for transfer to the Court of Appeal was denied on February 11, 2010. Two months later, McMonagle filed an original petition for a writ of habeas corpus in the California Supreme Court, which was denied on June 17, 2010. The outcome of this case turns on whether McMonagle's case became final upon the denial of the requested transfer to the Court of Appeal or upon denial of his habeas petition by the California Supreme Court.

28 U.S.C. § 2244(d)(1)(A) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -

> (A) the date on which the judgment became *final by the conclusion of direct review* . . .

(Emphasis added).

We have consistently determined the timeliness of a habeas petition by calculating the running of the limitations period with reference to the completion of direct review in the state court. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Although filing of collateral proceedings may toll the running of the limitations period, it does not affect

commencement of the running of the limitations period. *See Banjo v. Ayers*, 614 F.3d 968–69 (9th Cir. 2010) (discussing tolling due to collateral review proceedings).

The majority opinion seeks to alter our well-established interpretation of finality by conflating the concepts of finality and exhaustion of state remedies. *See Majority Opinion*, p. 11 ("Here, it is no coincidence that finality coalesces with exhaustion. . . . "). However, the United States Supreme Court does not agree. In *Duncan v. Walker*, 533 U.S. 167 (2001), the Supreme Court distinguished the concepts of exhaustion and finality. The Court explained that the exhaustion requirement set forth in 28 U.S.C. § 2254(b) fosters comity between state and federal courts by ensuring that state courts have a complete opportunity to review federally-based challenges to a state conviction before initiating a collateral challenge in federal court. *See id.* at 178–79. In contrast, the statute of limitations period contained in 28 U.S.C. § 2244(d)(1) advances the goal of finality in state court judgments, thereby reducing the potential for delay. *See id.* at 179. The tolling provision contained in 28 U.S.C. § 2244(d)(2)[1] bridges the gap between the limitations period in § 2244(d)(1) and the exhaustion

---

[1] 28 U.S.C. § 2244(d)(2) provides:

The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection.

requirement of § 2254(b)(1)(A).[2] Even though the limitations period begins to run when direct review becomes final, the collateral review required to exhaust state remedies tolls the running of the limitations period.[3] *See id.* at 179–80.

The majority's approach conflating exhaustion and finality obliterates the balance struck by the exhaustion and statute of limitation provisions of AEDPA and impermissibly renders the tolling provision superfluous. *See Ctr. for Biological Diversity v. Salazar*, 695 F.3d 893, 903 (9th Cir. 2012) ("It is a cardinal principle of statutory construction that a statute should be construed, if possible, so that no clause, sentence or word shall be superfluous, void or insignificant . . . .") (citations and internal quotation marks omitted). The majority is of the view that no proceeding in California is final until the California Supreme Court has ruled. *See Majority Opinion*, pp. 7. Thus, the majority calculates the running of the habeas statute of limitations in this case from the date the California Supreme Court denied McMonagle's habeas petition, rendering his federal habeas petition timely. *See id*., p. 13. However, the rules governing misdemeanor appeals in California provide that denial of a certification to the California Court of Appeal for review "is final

---

[2] 28 U.S.C. § 2254(b)(1)(A) provides:

> An application for a writ of habeas corpus . . . shall not be granted unless it appears that - -

> (A) the applicant has exhausted the remedies available in the courts of the State . . .

[3] It is notable that 28 U.S.C. § 2254(b)(1)(A) speaks of exhaustion in terms of "the remedies" available in the state courts while § 2244(d)(1)(A) speaks of finality in terms solely of direct review.

immediately" and may not be appealed to the California Supreme Court. Cal. R. Ct. 8.500(a)(1); *see also Tecklenberg*, 169 Cal. App. 4th at 1405 & n.4. The denial of McMonagle's appeal on February 11, 2010, was "final immediately," triggering the running of the federal habeas statute of limitation. Without tolling, the one-year statute of limitations expired on May 12, 2011. *See Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) ("Finality occurs when *direct* state appeals have been exhausted and a petition for writ of certiorari from [the United States Supreme Court] has become time barred . . .") (emphasis added); *see also* United States Supreme Ct. R. 13 (providing 90 days within which to file for a writ of certiorari). As the district court noted, McMonagle was entitled to tolling for the thirty-six days during which his habeas petition was pending before the California Supreme Court. *See* 28 U.S.C. § 2244(d)(2). Addition of these thirty-six days extended the statute of limitations deadline to June 17, 2011. I agree with the district court that his habeas petition filed on August 10, 2011, was untimely.

It is no surprise that the majority fails to cite even one case adopting its novel view conflating the concepts of exhaustion and finality. This will be the first.

I respectfully dissent.